UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CARL MICHAEL SOTO,

    Plaintiff,

v.   Case No:   8:25-cv-00839-JLB-SPF

SHERIFF CHAD CHRONISTER, *in his individual and official capacities*, DEPUTY ALEX ALMAGEUR, *in his individual and official capacities*, and SERGEANT ORLYN OQUENDO, *in his official capacity*,

    Defendants.
_____/

## ORDER

Before the Court is Plaintiff Carl Michael Soto's Amended Complaint against Defendants Sheriff Chad Chronister, Deputy Alex Almaguer, and Sergeant Orlys Oquendo. (Doc. 25). For the reasons stated below, counts II, VI (against Defendant Sheriff Chad Chronister), VII, VIII, and IX of Plaintiff's Amended Complaint are **DISMISSED without prejudice** as impermissible shotgun pleadings.

## BACKGROUND

Plaintiff's claims arise from a traffic stop conducted by Defendant Almaguer for violation of Florida Statute § 316.605, requiring vehicles to be licensed in the owner's name and the license plate be displayed. (Doc. 25 at ¶ 16). Plaintiff alleges that he was "violently pull[ed] . . . from his vehicle" because Deputy Almaguer wrongfully believed that Plaintiff was refusing to provide his driver's license. (*Id.* at ¶ 25). After informing Deputy Almaguer that he could not walk without assistance

due to a spinal injury, Plaintiff alleges that he was "yanked . . . to the ground[.]" (*Id.* at ¶¶ 7, 26). Plaintiff further claims that, even after speaking with Sergeant Oquendo about his disability, he was not provided accommodations. (*Id.* at ¶ 40).

Plaintiff brings a total of ten claims against Defendants, alleging violations of the Americans with Disabilities Act ("ADA"), the Rehabilitation Act, supervisory liability under 42 U.S.C. § 1983, municipal liability, as well as false arrest and excessive force, among other claims.[1] (*See id.* ¶¶ 47–162). In response, Sheriff Chronister and Sergeant Oquendo filed separate motions to dismiss (Docs. 29 & 30), and Deputy Almaguer filed a motion for summary judgment (Doc. 44). Plaintiff responded to each motion in turn (Docs. 34, 35, 46, 62).

## LEGAL STANDARD

"A district court has the 'inherent authority to control its docket and ensure the prompt resolution of lawsuits,' which includes the ability to dismiss a complaint on shotgun pleading grounds." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (quoting *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015)).

## DISCUSSION

"A shotgun pleading is a complaint that violates either Federal Rule of Civil Procedure 8(a)(2) or Rule 10(b), or both." *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021) (citing *Weiland*, 792 F.3d at 1320). Rule 8(a) requires a complaint

---

[1] Though the Amended Complaint says there are nine total counts, it lists two separate claims as "Count VI," bringing the total amount of claims to ten. (*See* Doc. 25 at ¶¶ 99–127).

contain "a short and and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Rule 10(b) requires that a party "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). The "self-evident" purpose of the rules is "to require the pleader to present his claims discretely and succinctly" so the adversary "can discern what he is claiming and frame a responsive pleading [and] the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted." *Weiland*, 792 F.3d at 1320 (citation omitted).

Plaintiff's Amended Complaint constitutes a shotgun pleading for two reasons. First, it is unclear which defendants Count II is against. Count II alleges violation of the ADA against "Defendant Oquendo in *their* official capacity." (Doc. 25 at 16) (emphasis added). Though this may not be an issue had Plaintiff been clear in the allegations of the count as to which defendant it is against, the allegations provide no such clarification. Count II alleges that "defendants Oquendo and Almaguer . . . were classified as a public entity" under the ADA, that "defendants . . . owed a duty to plaintiff," that "defendants breached said duty," and that "defendants failed to provide any accommodation to plaintiff . . . when he advised defendant Oquendo and Almaguer that he could not walk without assistance[.]" (*Id.* at ¶¶ 62–65). Consequently, the Court is unable to determine which of the two Defendants Count II is brought against and, more importantly, the

3

Amended Complaint's unclear pleading hinders the defendant (or defendants) from being able to respond properly.

Second, Plaintiff brings Counts VI, VII, VIII, and IX against Defendant Chronister without incorporating any, let alone the applicable, factual allegations into each count. (*Id.* at ¶¶ 122–62). As a result, it is "unclear . . . what alleged facts support[] each claim[.]" *Embree v. Wyndham Worldwide Corp.*, 779 F. App'x 658, 662–64 (11th Cir. 2019) (affirming a district court's dismissal of a complaint as a shotgun pleading where it "did not incorporate any of the preceding general allegations into each count"); *Johnston v. Anti-Defamation League*, No. 6:24-CV-1465-JSS-NWH, 2025 WL 2029744, at *6 (M.D. Fla. July 21, 2025) (dismissing a complaint without prejudice as a shotgun pleading because it "appear[ed] that no count incorporate[d] any of the paragraphs before it, including paragraphs that identify the parties, allege jurisdiction, and contain factual support for the counts"). The Court warns Plaintiff that this is not an invitation to include all factual allegations in this count. A complaint should incorporate the relevant factual allegations that relate to each count.

Because Counts II, VI, VII, VIII, and IX of the Amended Complaint are shotgun pleadings, the Court dismisses them. *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357 (11th Cir. 2018) ("[A] District Court retains authority to dismiss a shotgun pleading on that basis alone."). This Court previously granted Plaintiff's attorney's Motion to Withdraw and gave Plaintiff until November 14, 2025, to retain new counsel or notice the Court of his intent to proceed *pro se*. (Doc. 82).

4

With this in mind, the Court will provide Plaintiff leave to file a second amended complaint to cure the deficiencies within 21 days from November 14, 2025. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."); *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1132 (11th Cir. 2019) ("A *pro se* plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice where a more carefully drafted complaint might state a claim."). If Plaintiff repleads, he shall state in each count which of the preceding paragraphs are incorporated into the count and clearly state which count is against which defendant.

*– Remainder of page intentionally left blank –*

## CONCLUSION

Accordingly, it is **ORDERED**:

(1) Counts II, VI (against Defendant Sheriff Chad Chronister), VII, VIII, and IX of Plaintiff's Amended Complaint (Doc. 25) are **DISMISSED without prejudice**.

(2) Plaintiff is provided leave to file a second amended complaint within 21 days from November 14, 2025. No new claims may be added to the second amended complaint. Failure to timely file a second amended complaint will result in the dismissal of counts II, VI, VII, VIII, and IX without further notice of the Court.

(3) Defendant Sheriff Chad Chronister's Motion to Dismiss (Doc. 29) is **DENIED as moot**.

**ORDERED** in Tampa, Florida, on November 3, 2025.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE