UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Carl Michael Soto,

Plaintiff,

v. Case No: 8:25-cv-00839-JLB-SPF

Sheriff Chad Chronister, *in his individual and official capacity*, et al.,

Defendants.
______________________________/

**ORDER**

Before the Court is Defendant Deputy Alex Almaguer's Motion for Sanctions against Plaintiff Carl Michael Soto.[1] (Doc. 73). Mr. Soto responded in opposition. (Doc. 78). Upon careful consideration, the Motion is **DENIED**.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 11, an attorney or unrepresented party who files a pleading in federal court "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances":

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

[1] At the time Deputy Almaguer filed this Motion for Sanctions, Mr. Soto was represented by counsel. Shortly thereafter, counsel moved to withdraw, citing irreconcilable differences between himself and Mr. Soto. (Doc. 77). The Court granted counsel's motion and directed Mr. Soto to retain new counsel or proceed *pro se*. (Doc. 80). Mr. Soto did not retain new counsel. Prior to Mr. Soto proceeding *pro se*, however, counsel for Mr. Soto entered a response in opposition to the Motion for Sanctions. (Doc. 78).

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or lack of information.

Fed. R. Civ. P. 11(b). Sanctions may be awarded under Rule 11: "(1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading in bad faith for an improper purpose." *Anderson v. Smithfield Foods, Inc.*, 353 F.3d 912, 915 (11th Cir. 2003) (citation omitted).

**DISCUSSION**

In his Amended Complaint, Mr. Soto brought several claims against Deputy Almaguer. At issue now is the claim against Deputy Almaguer in his individual capacity for false arrest and detainment.[2] (Doc. 25 at 30–32). Deputy Almaguer argues that Mr. Soto has no good faith basis to bring this claim, and that Mr. Soto has used the claim to request irrelevant discovery. (Doc. 73).

This case arises out of a traffic stop that ended in the arrest of Mr. Soto by Deputy Almaguer. Mr. Soto was charged with resisting an officer without violence

[2] The operative complaint in this action is the Third Amended Complaint, which also brings a false arrest and detainment claim against Deputy Almaguer in his individual capacity. (Doc. 119 at 16–17). Deputy Almaguer filed this Motion for Sanctions while the Amended Complaint was the operative complaint.

pursuant to Florida Statute § 843.02 and subsequently pleaded nolo contendere ("no contest"), for which adjudication was withheld. (Doc. 73-1). Mr. Soto alleged that Deputy Almaguer detained and arrested him without reasonable suspicion or probable cause in violation of the Fourth Amendment. (Doc. 25 at 30–32).

Deputy Almaguer argues that, because Mr. Soto's no contest plea is a conviction, his false arrest and detention claim is *Heck*-barred. (Doc. 73 at 3–4) (citing *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994)). Under *Heck*, a plaintiff must show that a conviction "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus" to collect damages for an allegedly unconstitutional conviction. *Heck*, 512 U.S. at 486–87. "Under Florida law, 'Conviction' means a guilty verdict by a jury or judge, *or a guilty or nolo contendere plea by a defendant*, regardless of adjudication of guilt.'" *Stephens v. DeGiovanni*, 852 F.3d 1298, 1319 (11th Cir. 2017) (quoting Fla. Stat. § 960.291(3) (emphasis in original)).

Mr. Soto responds that the claim is filed in good faith. (Doc. 78 at 3–4). Specifically, Mr. Soto argues that the challenge is not to the validity of the no contest plea; rather, it is a challenge to the constitutionality of Deputy Almaguer's conduct leading to the arrest and the reasonableness of his actions. (*Id.* at 3). In support, Mr. Soto points to *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003), for the proposition that *Heck* is not a categorical bar to all 42 U.S.C. § 1983 actions following conviction because the relevant inquiry is whether the claim's success

"necessarily impl[ies] the invalidity of [the] conviction." (Doc. 78 at 3) (quoting *Heck*, 512 U.S. at 487). Indeed, the *Hughes* Court explained that *Heck* does not necessarily bar § 1983 claims where the success of the claim does not imply that the conviction is invalid. *Hughes*, 350 F.3d at 1160–61. The Court provided the example of *Datz v. Kilgore*, 51 F.3d 252, 253 n.1 (11th Cir. 1995), which held that "*Heck v. Humphrey* . . . is no bar to Datz' civil action because, even if the pertinent search did violate the Federal Constitution, Datz' conviction might still be valid considering such doctrines as inevitable discovery, independent source, and harmless error." *Hughes*, 350 F.3d at 1161 (citing *Datz*, 51 F.3d at 253 n.1).

In *Hughes*, the Court dealt with a Fourth Amendment unreasonable search and seizure claim and held that, because a conviction may still stand upon the success of such a claim, it is not *Heck*-barred. *Id.* at 1160–61. Here, Mr. Soto brings a claim for false detainment and arrest. (Doc. 25 at 30–32). It is unclear that success of this claim would not require a finding that the conviction itself is invalid.

In evaluating a motion for sanctions under Rule 11, the Court performs a two-part inquiry: "(1) whether the party's claims are objectively frivolous; and (2) whether the person who signed the pleadings should have been aware that they were frivolous." *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998). "Rule 11 is intended to deter claims with ***no*** factual or legal basis ***at all***." *Davis v. Carl*, 906 F.2d 533, 538 (11th Cir. 1990) (emphasis added). In other words, sanctions are appropriate only where there is "deliberate indifference to obvious facts," not where the party merely used "poor judgment in pursuing their allegations." *Davis*, 906

F.2d at 537.

Applying these standards here, the Court finds that Mr. Soto's claims were neither brought for an improper purpose nor objectively frivolous. First, neither the record nor Deputy Almaguer's Motion for Sanctions provides adequate proof that the false arrest and detention claim resulted in Mr. Soto's broad discovery requests with the purpose of harassing Deputy Almaguer. Instead, the record shows that Mr. Soto and his counsel were pursuing a legal theory that, although it may be meritless, serves to challenge the *Heck* bar's application to the facts of his claim. Accordingly, it was not filed for an improper purpose. Second, because Mr. Soto and his counsel "advanced a tenable or plausible legal position such that the claim was not completely and utterly baseless," the Court cannot find that the claim is objectively frivolous. *See Benavides v. Mia. Atlanta Airfreight, Inc.*, 612 F. Supp. 2d 1236, 1240 (S.D. Fla. 2008).

**CONCLUSION**

Accordingly, Defendant Deputy Almaguer's Motion for Sanctions (Doc. 73) is **DENIED**.

**ORDERED** in Tampa, Florida, on September 18, 2026.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE