UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CARL MICHAEL SOTO,

Plaintiff,

v. Case No: 8:25-cv-00839-JLB-SPF

SHERIFF CHAD CHRONISTER, *in his individual and official capacity*, et al.,

Defendants.
_________________________________/

**ORDER**

Before the Court is Plaintiff Carl Soto's Motions for Sanctions. (Docs. 85, 161). His first motion is against Defendant Deputy Almaguer and his counsel, Jeffrey Jensen. (Doc. 85). The second is brought only against counsel Jeffrey Jensen. (Doc. 161). Responses in opposition were filed against both motions. (Docs. 88, 168). After careful review, Mr. Soto's motions for sanctions are **DENIED**.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 11, an attorney who files a pleading in federal court "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances":

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or lack of information.

Fed. R. Civ. P. 11(b). Sanctions may be awarded under Rule 11: "(1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading in bad faith for an improper purpose." *Anderson v. Smithfield Foods, Inc.*, 353 F.3d 912, 915 (11th Cir. 2003) (citation omitted).

**DISCUSSION**

As noted, Mr. Soto files separate motions for sanctions. (Docs. 85, 161). The Court addresses each in turn.

**I. Plaintiff's First Motion for Sanctions.**

In his first Motion for Sanctions, Mr. Soto claims that Deputy Almaguer "submitt[ed] a sworn affidavit containing knowingly false, materially misleading, and retaliatory factual allegations." (Doc. 85 at 1). Specifically, Mr. Soto argues that Deputy Almaguer's sworn statement, signed May 23, 2025, and attached to his motion for summary judgment, falsely claims that Mr. Soto grabbed and pulled Deputy Almaguer's arm during arrest. (*Id.* at 1; Doc. 16-1). Mr. Soto contends that, because the events of the arrest were captured on body-worn camera, Attorney Jeffrey Jensen knowingly asserted false allegations. (Doc. 85 at 2; Doc. 71-1 at

2:57–3:00). Mr. Soto further seeks sanctions against Mr. Jensen, arguing that Mr. Jensen raised a new argument in the Reply to Soto's Response to the Motion for Summary Judgment. (Doc. 85 at 2). Specifically, Mr. Soto seeks sanctions from Mr. Jensen for including an argument that the traffic stop automatically subjected Mr. Soto to arrest under Florida Statute § 901.15(5). (*Id.*; Doc. 72).

In response to Mr. Soto's first claim, Deputy Almaguer and Mr. Jensen argue that, in his affidavit, Deputy Almaguer stated "Mr. Soto resisted and pulled away with enough force to pull my arm into his vehicle." (Doc. 88 at 3) (citing Doc. 16-1 at ¶ 11). It is clear that the affidavit does not say that Mr. Soto grabbed Deputy Almaguer's arm and pulled it into the vehicle, as Mr. Soto's Motion contends.

Upon careful review of the body-worn camera video, after Mr. Soto declined to exit his vehicle, Deputy Almaguer handcuffed Mr. Soto's left wrist and gripped the other handcuff in an attempt to guide Mr. Soto out of his vehicle. (Doc. 71-1 at 4:39–4:46).[1] During the exchange, Mr. Soto leaned back into the vehicle while his left wrist was still cuffed. Because Deputy Almaguer was holding the other handcuff, the force of Mr. Soto leaning back pulled Deputy Almaguer's arm partially into the vehicle (*Id.*). Mr. Soto argues that Deputy Almaguer grabbed his left arm, which caused him to lose balance and nearly fall over the driver's seat of the vehicle. (Doc. 85 at 3). The video does not show Deputy Almaguer grabbing Mr. Soto's left arm. (Doc. 71-1 at 4:39–4:46). In any event, because Deputy Almaguer's

---

[1] "[W]here a video is clear and obviously contradicts the plaintiff's alleged facts, we accept the video's depiction instead of the complaint's account." *Baker v. City of Madison, Alabama*, 67 F.4th 1268, 1277–78 (11th Cir. 2023).

affidavit does not state what Mr. Soto's Motion claims it does, and because the body-worn camera supports Deputy Almaguer's statement that his arm was pulled into the vehicle by Mr. Soto, the Court finds that there is a reasonable factual basis for the submission of Deputy Almaguer's affidavit and that it was submitted in good faith.

Next, Deputy Almaguer's argument in his Reply that Florida Statute § 901.15(5) allows an officer to arrest a driver for violation of chapter 316 is not false and misleading. Section 901.15(5) states that a "law enforcement officer may arrest a person without a warrant when . . . a violation of chapter 316 has been committed in the presence of the officer." *Id.* That is what occurred here. Deputy Almaguer conducted a traffic stop for a violation that occurred in his presence, namely, a violation of Florida Statute § 316.605(1), which prohibits obstructing the view of license plates. Thus, Defendant had a reasonable factual basis for making this argument, and the Court certainly cannot find that such was made in bad faith.

## II. Plaintiff's Second Motion for Sanctions.

Mr. Soto's second motion for sanctions brings seven claims against counsel for Defendants and Mr. Jensen.[2] (Docs. 161, 168). Many of the issues deal with disputes more appropriately litigated by other means because "Rule 11 motions . . .

---

[2] Mr. Soto moves to strike an attachment to Mr. Jensen's Response, arguing that it is new evidence not disclosed. (Doc. 171). The attachment at issue is an affidavit from Jeffrey P. Massaro, a Master Sergeant at the Hillsborough County Sheriff's Office, discussing Axon Signal Sidearm devices mounted to a deputy's firearm holster and used to record when a firearm is unholstered. (Doc. 168-2). The Magistrate Judge found that Mr. Soto's Motion to Strike is due to be denied, and Mr. Soto objected. (Docs. 177, 178). The Court did not consider this affidavit in this Order or its summary judgment order and, therefore, the motion and objection are moot.

should not be employed . . . to test the legal sufficiency or efficacy of allegations in the pleadings; other motions are available for those purposes." Fed. R. Civ. P. 11, advisory committee's note (1993 Amendments). For instance, Mr. Soto argues Mr. Jensen repeatedly asserts that Mr. Soto physically and violently resisted; that Mr. Jensen alleges Mr. Soto fabricated that Deputy Almaguer approached him with a hand on his firearm after learning no dash camera footage was available; that Mr. Jensen raises new arguments in his Reply; that Mr. Jensen asked the Court to disregard Mr. Soto's affidavit as a sham affidavit; and that Mr. Jensen argued no force was used on Mr. Soto after he was handcuffed. (Doc. 161 at 2–3). None of these warrant sanctions. They are matters best raised by other means in litigation.

As an initial matter, Mr. Soto argues that Mr. Jensen incorrectly asserts that he physically resisted Deputy Almaguer. This Court has previously addressed this exchange where, while holding one handcuff, Deputy Almaguer's arm was partially pulled into Mr. Soto's vehicle after Mr. Soto leaned back. This is a reasonable factual assertion based on a review of the body-worn camera video. Regarding the remaining issues, each is better disputed using other litigation avenues. Indeed, "the imposition of a Rule 11 sanction is not a judgment on the merits of an action. Rather, it requires the determination of a collateral issue: whether the attorney has ***abused*** the judicial process, and, if so, what sanction would be appropriate." *Lawson v. Sec'y, Dep't of Corr.*, No. 13-12786, 2014 WL 1491862, at *1 (11th Cir. Apr. 17, 2014) (quotation omitted) (emphasis added). There is no indication that defense counsel relied on a legal theory with *no* reasonable chance of success or filed

in bad faith or for an improper purpose. *Anderson*, 353 F.3d at 915 (emphasis added).

A reasonable factual basis supports Mr. Jensen's argument that Mr. Soto has been inconsistent about whether Deputy Almaguer had his firearm unholstered from the moment he began approaching Mr. Soto's car or "briefly" as he approached Mr. Soto's driver's side window. Mr. Soto's first affidavit, dated October 2, 2025, states that "it appeared to [him]" that Deputy Almaguer "briefly" unholstered his firearm as he approached the driver's side door of the vehicle. In contrast, Mr. Soto's subsequent affidavit, dated March 23, 2026, states that from the moment Deputy Almaguer approached his vehicle, he had his hand "clenched" on the handle of his *unholstered* firearm. (Doc. 157-2 at 41–42). Mr. Jensen was free to point out to the Court any factual discrepancy between the two affidavits and suggest any reason he believed accounted for the discrepancy. After review of the affidavits, the Court finds that Mr. Jensen's argument was supported by a reasonable factual basis and not made in bad faith.

Likewise, there is a reasonable factual basis for the argument that no force was used on Mr. Soto after both handcuffs were secured on Mr. Soto's wrists. Mr. Soto again raises what he believes is a factual dispute, which is appropriate for a motion on the merits. Indeed, Mr. Soto argues that the body-worn camera video depicts Deputy Almaguer putting his knee on Mr. Soto's back and gripping Mr. Soto's neck when Mr. Soto was handcuffed, which resulted in injury. (Doc. 161 at 20–22). These are the same allegations found in the Third Amended Complaint and

responded to in the Defendants' motions to dismiss and motion for summary judgment. (Docs. 119, 122, 144, 169). In any case, the body-worn camera video shows that Deputy Almaguer was attempting to handcuff Mr. Soto's right wrist when he put his knee and hand on Mr. Soto. (Doc. 71-1 at 5:16–6:15). Accordingly, Mr. Jensen had—at minimum—a reasonable factual basis to dispute those allegations. And there is no basis to conclude that Mr. Jensen made a bad faith representation.

Additionally, Mr. Soto argues that sanctions are appropriate because Mr. Jensen falsely represented in the Reply that Mr. Soto failed to comply with the expert disclosure deadline and falsely represented that Mr. Soto refused to provide discovery directed at those experts. (Doc. 161 at 2; Doc. 158 at 1–4). Mr. Soto contends that Mr. Jensen's argument on the expert disclosure deadline was a false representation because, in a motion to compel filed before the Reply, Mr. Jensen requested all documents from Mr. Soto's experts. (Doc. 148). The Court cannot, however, infer from this that it is false that Mr. Soto failed to disclose his experts in a timely manner. First, Mr. Soto does not provide the Court with a certification of Rule 26 expert disclosures and when all experts were ultimately disclosed. Certainly, opposing counsel may request discovery for untimely-disclosed experts and can claim a reason he believes an opposing party did not act in accordance with a discovery order or Federal Rule of Civil Procedure 26. The Court fully appreciates that Mr. Soto is disturbed by Mr. Jensen's statement in the Reply that Mr. Soto failed to provide "[a] complete copy of ***all*** documents" from the experts and instead

emailed only some of the required disclosures. (Doc. 158 at 1–2; Doc. 168 at 3–4). Mr. Soto represents that he made the expert disclosures required of him. And Mr. Soto makes no argument that Mr. Jensen made a bad faith representation—or with improper purpose—to the Court. Furthermore, this is of no consequence. The case proceeded to the summary judgment stage with Mr. Soto's experts. And, critically, the Court did ***not*** exclude any of Mr. Soto's experts from this litigation for any untimely disclosures or any other reason for that matter. At bottom, the Court finds that this is not sanctionable under Rule 11. The Court cannot find that Mr. Jensen's representations were made in bad faith or that there was no reasonable factual basis for them.

**CONCLUSION**

The bar to warrant sanctions is high. Discovery disputes are common in civil litigation. Disagreements on how the parties, witnesses, and counsel represent their respective versions of events and the law are also common. This is to be expected. If there were no disagreements on the facts and law, there would be no need to litigate in the first instance.

After careful review, none of the issues raised in the motions for sanctions warrant sanctions. The Court cannot say that Defendants' pleadings had no reasonable factual basis or Defendants asserted a legal theory that had no reasonable chance of success and could not be advanced as a reasonable argument to change existing law. And the Court cannot find that a pleading was filed in bad faith for an improper purpose. Litigation is adversarial, and disagreements

between the parties occur throughout it. Sanctions are reserved for narrow circumstances that do not exist here. Accordingly, Plaintiff Carl Soto's motions for sanctions (Doc. 85; Doc. 161) are **DENIED** and his Motion to Strike the Affidavit of Jeffrey P. Massaro (Doc. 171) is **DENIED as moot**.

**ORDERED** in Tampa, Florida, on September 18, 2026.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE